CUTTER v. IOWA WATER CO. et al. (Circuit Court of Appeals, Eighth Circuit. May 3, 1905.) No. 2,120. Appeal from the Circuit Court of the United States for the Southern District of Iowa. W. E. Blake and Harold J. Wilson, for appellant. William McNett, for appellees. For opinion below, see 128 Fed. 505.

PER CURIAM. Reversed, without costs to either party in this court, and remanded, with direction to dismiss for want of jurisdiction, unless within 30 days after filing mandate the bill is amended to show jurisdiction of the Circuit Court.

---

EVANS–SNIDER–BUEL CO. v. DAVIDSON et al. (Circuit Court of Appeals, Fifth Circuit. January 30, 1906.) No. 1,510. In Error to the Circuit Court of the United States for the Northern District of Texas. A. L. Matlock, Geo. E. Miller and F. E. Dycus, for plaintiff in error. S. B. Cantey, for defendants in error. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the judges are of opinion that the case was correctly ruled in the court below. The judgment of the Circuit Court is therefore affirmed.

PARDEE, Circuit Judge (concurring). As between Davidson & Curtis, vendors, and E. B. Carver & Co., vendees, the former had a lien on the cattle in their possession for the balance of the unpaid purchase price, although the plaintiff by its chattel mortgage had a prior lien on the same, and therefore, as against Carver & Co., the defendants had a right to retain possession until their debt was paid; and it seems the cattle brought enough at the price agreed upon with Humphrey to satisfy the plaintiff's debt secured by the mortgage and the amount of the debt conceded to be due defendants. Under the terms of the plaintiff's mortgage or deed of trust, only the trustee, H. Pollard, had a right to demand and take possession on condition broken or for other reasons such as insecurity of claim, etc., and the case made shows no demand by the trustee or by any one in his name. Carver demanded so that he might deliver the cattle to Humphrey at an advantageous price; and the plaintiff, through agents, demanded that the cattle should be turned over to Carver that he might deliver to Humphrey, the full amount of the price paid by Humphrey to be received by the plaintiff. There was no demand that the cattle should be turned over to the trustee to sell at public or private sale as to "said trustee might seem best for the interest of the parties," etc. It is true that Carver & Co. and the plaintiff had a right by agreement to ignore the terms of the mortgage, but not to the prejudice of defendant's rights, which could only be cut off by a foreclosure of the recorded mortgage, and if plaintiff claimed possession under the recorded mortgage it should have adhered to the terms thereof, and caused the trustee to demand the possession. As I read the evidence, the money sued for as paid under duress of goods was advanced by plaintiff to Carver & Co. to pay off their debt to the defendants, to be recouped from the price of the cattle to be paid by Humphrey. The money so advanced by the plaintiff was not paid in fact until five days after the cattle were delivered to Carver and Humphrey, and all duress of goods, if any theretofore existed, was removed. These reasons warrant the judgment of affirmance as entered by the court.